AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of New York |
|---|---|

| Name (under which you were convicted): Hillary Best | Docket or Case No.: |
|---|---|

| Place of Confinement :  New York City Police Department Sex Offender Unit<br>100 Centre Street, 14th Floor, New York, NY 10013 | Prisoner No.:<br>Sex Offender No. 2976 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>Hillary Best | Respondent (authorized person having custody of petitioner)<br><br>v.   New York City Police Department Sex Offender Unit |
|---|---|

| The Attorney General of the State of:  New York |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

   Queens County Criminal Court

   (b) Criminal docket or case number (if you know):     2006QN038220 & 2006QN038221

2.  (a) Date of the judgment of conviction (if you know):     September 21, 2007

   (b) Date of sentencing:     January 8, 2008

3.  Length of sentence:     Life as a Level 3 Sex Offender under Local Community Reporting Supervision

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:     Forcible Touching (PL 130.52)

   and Sexual Abuse in the Third Degree (PL 130.55).

6.  (a) What was your plea? (Check one)

   ☒ (1)   Not guilty, which was changed to guilty under duress

   ☐ (2)   Guilty        ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? <u>under duress, plead guilty to both</u>

<u>charges in both cases, which contained identical charges.</u>

(c) If you went to trial, what kind of trial did you have? (Check one)

    ❑ Jury    ❑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❑ Yes   ☒ No

8.    Did you appeal from the judgment of conviction?

    ❑ Yes   ☒ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ❑ Yes   ☒ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:   Court was a court of incompetent jurisdiction because the misdemeanor complaints

in both cases were subject matter jurisdictionally defective.

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Queens County Criminal Court

(2) Docket or case number (if you know):   2006QN038220 & 2006QN038221

(3) Date of filing (if you know):   December 22, 2016

(4) Nature of the proceeding:   Motions to Vacate Judgments

(5) Grounds raised:   Criminal Court lacked jurisdiction to enter judgment due to criminal proceeding

being founded upon unverified misdemeanor complaints and supporting depositions, in violation of

CPL 100.15(1), 100.20 and 100.40(1), and that CPL 100.30(1)(d) is unconstitutional, in that it allows

prosecution by affirmation by a non-attorney rather than by affidavit (sworn to under oath) as mandated

by the mode of proceedings prescribed by law.

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   Criminal Court misinterpreted the law and the facts and denied the motion to vacate judgment.

AO 241 (Rev. 09/17)

      (8) Date of result (if you know):   May 2, 2016

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:   New York State Supreme Court Part 62

      (2) Docket or case number (if you know):   Index No. 100170/2016

      (3) Date of filing (if you know):   February 3, 2016

      (4) Nature of the proceeding:   CPLR Article 78 Proceeding

      (5) Grounds raised:   New York City Police Department's Sex Offender Unit's restraint on my liberty

is illegal and unconstituional, due to jurisdictionally defective criminal court poroceedings by which

it compells me to submit to it's authority and infringes upon my liberty in violation of procedural due

process of law.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☒ No

      (7) Result:  Denied and Dismissed CPLR Article 78 petition on authority of People v. Sullivan, 56 NY 2d 378 (1982).

      (8) Date of result (if you know):   July 25, 2016

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes      ☐ No

(2) Second petition:   ☐ Yes      ☒ No

(3) Third petition:    ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I was suffering from a medical condition (hypertention) that depleted my ability to follow-up litigation.

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   I was prosecuted upon unverified accusatory instruments in violation of the 4th and 14th Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Criminal Procedural Law, pursuant to CPL 100.15(1) and 100.40(1), mandates that a criminal complaint be verified, which to those of us who have not been educated by uneducated Universities, means that the accusatory instrument must be in the form of an affidavit, not an affirmation, unless the subscriber to it is an attorney licensed  to practice law within the state and is not a party to the proceeding (see, gen., CPLR R2106; 3020; 3021). An oath must be administered by someone authorized by law (CPLR 2309; PL 210.00[6]), the process being to confirm the identity of the subscriber as the complainant, that they are of sutible age to affirm under oath (CPL 60.20[2]; PL 210.00[4]), and that false swearings will be punished as a FELONY, not a misdemeanor (PL 210.00[2], [5]; 210.10). Thus, CPL 100.30(1)(d) is unconstitutional by not requiring a jurat pursuant to Penal Law 210.00[7], and renders both my criminal proceedings jurisdictionally defective as a matter of law, because my accusatory instruments were not sworn to under oath, and bear no jurat attesting to the same, thus no verification by whom and when they were subscribed (the supporting deposition under Docket No. 2006QN038220 is not even dated), which cannot be waived (see People v. Scott, 3 NY2d 148 [1957]; People ex rel. Livingston v. Wyatt, 186 NY 383 [1906]; Albrecht v. United States, 273 US 1 [1927]). Accordingly, restraining my liberty pursuant to the provisions of Correction Law 168 is illegal, and unconstitutional, entitling me to federal habeas corpus relief.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes          ☐ No
>
> (2) If you did not raise this issue in your direct appeal, explain why:  I was paired with ineffective
>
> assistance of counsel during the criminal proceeding and was not advised of appealable issues.

(d) **Post-Conviction Proceedings:**

> (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
>
>      ☒ Yes          ☐ No
>
> (2) If your answer to Question (d)(1) is "Yes," state:
>
> Type of motion or petition:   CPL 440.10 Motions to Vacate Judgments (not to vacate Sentences court alleges).
>
> Name and location of the court where the motion or petition was filed:  Queens County Criminal Court
>
>      125-10 Queens Boulevard, Kew Gardens, New York 11415
>
> Docket or case number (if you know):  Docket Nos. 2006QN038220 & 2006QN038221
>
> Date of the court's decision:   May 2, 2016
>
> Result (attach a copy of the court's opinion or order, if available):  Made erroneous findings of fact and
>
> law, in essence ruling that an accusatory instrument in the form of an affirmation, not
>
> an affidavit, is valid to maintain a criminal proceeding, which is absolutely ridiculous.
>
> (3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☒ No
>
> (4) Did you appeal from the denial of your motion or petition?          ☒ Yes          ☐ No
>
> (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☒ Yes          ☐ No
>
> (6) If your answer to Question (d)(4) is "Yes," state:
>
> Name and location of the court where the appeal was filed:   Appellate Term of the Supreme Court,
>
> Second Judicial Department, 141 Livingston Street, Brooklyn, New York 11201
>
> Docket or case number (if you know):   By motion for leave to appeal.
>
> Date of the court's decision:    December 5, 2016
>
> Result (attach a copy of the court's opinion or order, if available):      Denied leave to appeal.
>
> (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                     ❑  Yes        ❑  No

(4) Did you appeal from the denial of your motion or petition?               ❑  Yes        ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑  Yes   ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❐  Yes        ❐  No

(4) Did you appeal from the denial of your motion or petition?               ❐  Yes        ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐  Yes   ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

       (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes    ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

       (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☒ Yes   ☐ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.  **United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Docket No. 07-CV-3841 (ERK), 42 U.S.C. 1983, September 14, 2007, Denied Relief ruling that judges are immune from suit.**

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐  Yes   ☒  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐  Yes   ☐  No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Title 28 U.S.C. Sec. 2244(d) is unconstitutional, being in direct violation of the 1st and 13th Amendments, and Article One, Section 9, clause 2 of the U.S. Constitution, which demands that "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." The Constitution can invalidate federal laws, but federal law can never invalidate the Constitution, which,

AO 241 (Rev. 09/17)

in its original form unless amended by constitutional convention, is the supreme law of the land. Surely 28 U.S.C. 2244(d) has Revolutionary Soldiers turning over in their graves, it being established under the 1st Amendment that "Congress shall make no law * * * prohibiting the * * * right of the people * * * to petition the Government for a redress of grievances." The buck stops here on the infringement of liberties, the petitioner herein wearing stainless the Lambs Skin Apron of Innocence, having been falsely accused in the criminal proceedings below, a victim of misadventure tested by fire now rising from the ashes.  Indeed, while Title 28 U.S.C. 2244 can be said to be no violation of the Suspension Clause as applied to succes- sive petitions, viewed as a modified res judicatca rule (see Felker v. Turpin, 518 U.S. 651 [1996], the same cannot be said of original habeas applications raising grounds never before litigated on the merits, nor ripe for litigation in a prior habeas petition.  In short, to rule that an illegal and unconstitutional restraint on personal liberty can be maintained becauase a defendant or individual so restrained fails to raise the illegality in a timely manner, would be repugnant to everything American, imbraceable only by a tyrant the likes of Hitler (see, e.g., People ex rel Battista v. Christian, 249 N.Y. 314 [1928]). In Amerrica, a defendant in a criminal proceeding is entitled to a verified complaint, the lack of which renders the same jurisdictionally defective (see People ex rel. Siegal v. Dros, 11 N.Y. 2d 167 [1962]), which is a defect in the mode of the proceeding prescribed by law that can be raised at any time and can never be waived (see People v. Nicometi, 12 N.Y.2d 428 [1963]). Thus, this Court is constrained by the dictates of the 14th Amendment to grant the habeas relief sought hereby.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Declare 28 U.S.C. 2244(d) unconstitutional as applied to the petitioner herein, and CPL 100.30(1)(d) unconstitutional to the extent that it permits prosecution by affirmation rather than by affidavit as prescribed by statute, rendering petitioner's convictions upon affirmations a violation of the 4th, 13th, and 14th Amendments, whereby respondent's restraint upon petitioner's liberty pursuant to the provisions of Correction Law Sec.168 must be enjoined, in addition to granting any and other relief to which petitioner is entitled.**

_____   AFAM

Signature of Attorney (if any) **Pro Se**

**Mailing Address: Post Office Box 751072**
**Forest Hills, New York 11375**
**Phone: (718) 807-4205**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the   **Court's dropbox** on   **April 21, 2020**   (month, date, year).

Executed (signed) on   **April 21, 2020**   (date).

_____   AFAM

Signature of Petitioner   Pro Se

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# ATTACHMENTS

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART AP-2
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

      -against-

HILARY BEST,
                Defendant.
-------------------------------------------------------------x
SIRS:

**NOTICE OF MOTION
TO VACATE JUDGEMENT**

DOCKET NUMBER
2006QN038220

        PLEASE TAKE NOTICE, that upon the annexed affidavit of HILARY BEST, verified the 22nd day of December 2015, and upon all papers, pleadings and proceedings heretofore had herein, the undersigned will move a motion part of this Court, to be held before the Criminal Court of the City of New York, County of Queens, located at 125-01 Queens Boulevard, Kew Gardens, New York, on the 30th day of December, 2015, at 9:30 o'clock the forenoon of that day, or as soon thereafter as counsel may be heard, for an order vacating the judgment herein, and declaring the same null and void, pursuant to CPL 440.10 (1)(a), upon the grounds that the Court lacked jurisdiction pursuant to CPL §§100.15(1), 100.20 and 100.40(1), due to an undated and unverified supporting deposition.

Dated: December 22, 2015

                      Yours, etc.,

                      HILARY BEST, Defendant
                      Post Office Box 751072
                      Forest Hills, NY 11375
                      Phone: (718) 807-4205

TO:
      District Attorney
      County of Queens
      125-01 Queens Boulevard
      Kew Gardens, NY 11415

CRIMINAL COURT, CITY OF NEW YORK
COUNTY OF BRONX: PART AP-2
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK          **AFFIDAVIT IN SUPPORT
                                             OF MOTION TO VACATE
      -against-                              JUDGMENT**

HILARY BEST,                                 DOCKET NUMBER
                                             2006QN038220
                           Defendant.
-------------------------------------------------------------x
STATE OF NEW YORK)
               : SS.:
COUNTY OF QUEENS )

      I, HILARY BEST, am the defendant named in the above-captioned action and hereby

affirm under penalty of perjury that the following is true and correct to the best of my personal

knowledge.

      1. This affidavit is submitted in support of my motion for an order vacating the judgment

herein, and declaring the same null and void, pursuant to CPL 440.10 (1)(a), upon the grounds

that the Court lacked jurisdiction pursuant to CPL §§100.15(1), 100.20 and 100.40(1), due to an

undated and unverified supporting deposition.

      2. By criminal complaint dated July 19, 2006, Defendant was arraigned in this Court

upon the offenses of Forcible Touching in violation of Penal Law §130.52, and Sexual Abuse in

the Third Degree, in violation of Penal Law §130.55.

      3. The criminal complaint was signed by Detective James Monaco, who provided second

hand information in the complaint as allegedly related to him by the complainant, Solymar

Medina, and was not verified in accordance with CPLR §§3020 and 3021, or the Court of

Appeals ruling in <u>People ex rel. Livingston v. Wyatt</u>, 186 N.Y. 383 (1906), which requires that criminal complaints be verified by jurat, i.e., under oath (See Penal Law §210.00[7]).

4. Defendant did not waive the right to prosecution by information and the matter was adjourned for the people to provide a supporting deposition.

5. Annexed hereto as Exhibit A is a copy of the criminal complaint and supporting deposition upon which the judgment was entered in the instant case at bar. While the criminal complaint is dated, the supporting deposition is not dated.

6. Pressured by concern for an elderly relative from whom the Defendant did not want to be separated, defendant reluctantly entered into a no jail time plea deal in satisfaction of the criminal complaint.

**<u>LEGAL ARGUMENT</u>**

7. A plea of guilty waives all objections to a criminal proceeding except objections affecting the jurisdiction of the Court (See <u>Albrecht v. United States</u>, 273 U.S. 1 [1927]; <u>People v. Scott</u>, 3 N.Y.2d 148 [1957]).

8. The Criminal Procedure Law requires that all complaints be verified (See CPL §100.15[1]).

9. The traditional and accepted method for verifying legal documents is set forth in the Civil Practice Law and Rules under §§3020 and 3021 (See, also, Black's Law Dictionary under "Verification"). In every instance it requires a statement made under oath.

10. The complaint in the instant case was verified pursuant to CPL §100.30(1)(d), which permits verification by affirmation by a non-attorney in contravention of CPLR Rule 2106. In effect, CPL §100.30(1)(d) permits prosecution by false affirmation, for which the subscriber, if

prosecuted for making a false affirmation, would be able evade conviction by disavowing authorship, or face only misdemeanor conviction instead of felony charges for swearing falsely under oath (See Penal Law §§210.05 and 210.10).

11. As the Court of Appeals noted in People ex rel. Livingston v. Wyatt, supra, "(A)n affiant is one who has made an affidavit, and an affidavit is a written statement sworn to before some officer authorized by law to administer oaths" (citing Black Law Dictionary). The court went on to hold that "(F)rom all the analogies of the law, both civil and criminal, the information is intended to be made upon oath. While the statute does not expressly require it, we think it is necessarily implied, for otherwise an unfounded accusation could be set on foot and an investigation instituted upon unsupported assertion without any proof whatever." The concern then, as it is today, is that a criminal complaint could be filed and prosecuted without any actual verification of the subscriber, and without substantial penalty of punishment for making a false allegation.

12. Accordingly, in absence of a jurat pursuant to Penal Law §210.00[7], there is no prima facie evidence of the identity of the subscriber to a complaint, or of the date on which it was signed, nor even that the subscriber was of lawful age to execute an affidavit (See CPL §60.20). Thus, CPL §100.30(1)(d) is unconstitutional, for it arbitrarily and capriciously permits a perverted deviation of traditionally established and fundamental legal practice by permitting affirmation by a non-attorney, and providing no official verification of the identity of a subscriber to a complaint, nor any verification of the date on which it is purported to have been signed, nor verification even that the subscriber was of lawful age to execute an affidavit; and in practice allows unscrupulous police or others to lie in a complaint and avoid prosecution for

doing so.  Indeed, under CPL §100.30(1)(d) a defendant could end up held in pretrial detention upon a complaint or supporting deposition not signed by the complainant in contravention of CPL 100.15][1], because CPL §100.30(1)(d) does not require verification in accordance with Penal Law §210.00[7] and CPLR §3020.

13. The objectionable statute also flies in the face of the very word "deposition."  A deposition is a statement taken under oath. Likewise, the word "verification" means a declaration under oath. CPL §100.30(1)(d) satisfies none of these established legal definitions and, therefore, is unconstitutional on its face, as a violation of substantive due process of law, having been adopted and put into effect arbitrarily and capriciously, in violation of the New York Constitution under Article I, §6 and the 14th Amendment to the United States Constitution. Indeed, the instant "supporting deposition" is not even dated.  And although the prosecution may claim that it was signed by the complainant, there is no prima facie evidence on the document itself that establishes that fact, and as such was not sufficient for the Court to establish subject matter jurisdiction over the criminal prosecution of the complaint.  If the Court were Berger King, the prosecution might be able to have it their way, but the Court is not a fast food restaurant. The law was relaxed enough to permit verification by a desk sergeant or police officer of higher rank in charge at a police station or police headquarters (See CPL §100.30[1][b]).  No more is needed nor required to alleviate any burden the prosecution might have in getting a criminal complaint verified in accordance with established legal practice and procedural due process of law.

14.  Having established hereby that the criminal complaint upon which the judgment of conviction herein was entered was not verified in accordance with established legal practice and

procedural due process of law, and that the supporting deposition is not even dated, much less verified, said judgment is null and void as matter of law, in that without a verified criminal complaint and verified supporting deposition, this Court lacked jurisdiction to enter judgment. And it matters not that this Court may harbor a personal dislike of the defendant. The law is the law and this Court is bond by the canons of judicial ethics to uphold and enforce the same, and to declare unconstitutional any legislation that runs afoul of the legal principles established by the Constitutions of this State and of the United States of American, with a penalty of removal from bench for failing or refusing to do so (See Rules of the Chief Administrator of the Court Governing Judicial Conduct, 22 NYCRR Part 100.3[B][1]).

15. Jurisdictional defects may be raised at anytime and can never be waived (People v. Nicometi, 12 N.Y.2d 428 [1963]).

Wherefore, the defense moves for an order vacating the judgment of conviction entered herein, as null and void due to lack of subject matter jurisdiction over the criminal complaint, and requests such other and further relief as the Court may deem just and proper.

Dated:  Queens, New York
      December 22, 2015

                                                    HILARY BEST, Defendant Pro Se

Verification:

Sworn to before me this 2 2

day of December, 2015

_____
Notary Public

YASMIN L. TUCKER
Notary Public - State of New York
No. 01TU6104379
Qualified in Queens County
My Comm. Expires Jan. 20, 20 16

12/22/15

CRIMINAL COURT, CITY OF NEW YORK
COUNTY OF BRONX: PART AP-2
--------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

     -against-

HILARY BEST,

                Defendant.
--------------------------------------------------------------x
STATE OF NEW YORK)
            : SS.:
COUNTY OF QUEENS )

**AFFIDAVIT OF SERVICE**

DOCKET NUMBER
2006QN038220

    I, HILARY BEST, being first duly sworn, hereby deposes and says:

    1.   That I am over 18 years old and presently reside within the City of New York, County of Queens and State of New York.

    2.   That on December 22, 2015, I did serve upon the Queens County District Attorney a true and correct copy of my Notice of Motion and Affidavit in Support, Dated December 22, 2015, returnable December 30, 2015, by PERSONAL HAND DELIVERY to the following address:

              District Attorney
              County of Queens
              125-01 Queens Boulevard
              Kew Gardens, NY 11415

Dated:  Queens, New York
        December 22, 2015

Hilary Best, Defendant Pro Se
Post Office Box 751072
Forest Hills, NY 11375
Phone (718) 807-4205

Sworn to before me this _22_

day of _December_, 2015

_____
Notary Public

YASMIN L. TUCKER
Notary Public - State of New York
No. 01TU6104379
Qualified in Queens County
My Comm. Expires Jan. 20, 20__

12/22/15

Page **7** of **7**

**EXHIBIT A**

Q06639498

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK          STATE OF NEW YORK
                                             COUNTY OF QUEENS
                    v.

HILLERY BEST
          DEFENDANT                          20060N038220

---

DETECTIVE JAMES MONACO OF DET BORO QUEENS SPEC VIC SQUAD, TAX REG#:
912013, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JULY 17
2006  BETWEEN 2:30PM AND 3:00PM, INSIDE OF 66-36 YELLOWSTONE BOULEVARD,
COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
   PL 130.52 (11/1/03) FORCIBLE TOUCHING – DNA SAMPLE REQUIRED UPON
                  CONVICTION
   PL 130.55 SEXUAL ABUSE IN THE THIRD DEGREE – DNA SAMPLE REQUIRED UPON
                  CONVICTION

IN THAT THE DEFENDANT DID:  INTENTIONALLY, AND FOR NO LEGITIMATE
PURPOSE, FORCIBLY TOUCH THE SEXUAL OR OTHER INTIMATE PARTS OF ANOTHER
PERSON FOR THE PURPOSE OF DEGRADING OR ABUSING SUCH PERSON; OR FOR THE
PURPOSE OF GRATIFYING THE ACTOR'S SEXUAL DESIRE;SUBJECT ANOTHER PERSON
TO SEXUAL CONTACT WITHOUT THE LATTER'S CONSENT

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S
BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, SOLYMAR
MEDINA, THAT AT THE ABOVE DATE AND TIME, SHE RESPONDED TO THE ABOVE-
MENTIONED PLACE OF OCCURRENCE FOR A JOB INTERVIEW IN RESPONSE TO A
CLASSIFIED AD THAT SHE HAD SEEN IN THE NEWSPAPER FOR A HOME OFFICE
ASSISTANT.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT WHEN SHE ARRIVED,
SHE WAS GREETED BY THE DEFENDANT, HILLERY BEST, WHO IDENTIFIED HIMSELF
AS "ARY."

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT COPIED HER
IDENTIFICATION, AND ASKED HER TO DEMONSTRATE HER COMPUTER SKILLS ON
THE COMPUTER.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT AS SHE WAS
SITTING AT THE COMPUTER, DEFENDANT HUGGED HER LEGS, AND RUBBED HER
SHOULDERS, THIGHS, AND ARMS.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT PUT HIS
HAND UP THE BACK OF HER SHIRT AND TRIED TO SLIDE HIS HAND OVER TO THE

DEST.MILLER   006639498
FRONT.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT SHE REPEATEDLY TOLD
THE DEFENDANT TO STOP AND REPEATEDLY TOLD HIM THAT SHE WAS ONLY
INTERESTED IN A JOB.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT THEN
DROVE HER HOME AND THAT IN THE CAR ON THE WAY HOME, DEFENDANT RUBBED HER
LEGS AND HER THIGHS WHILE THE COMPLAINANT REPEATEDLY TOLD HIM TO STOP.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT HAD NO
PERMISSION OR AUTHORITY TO TOUCH HER IN SUCH A MANNER OR IN ANY WAY.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

7/14/06
DATE       SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE       SIGNATURE

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART: AP2
—————————————————————— X

THE PEOPLE OF THE STATE OF NEW YORK                    SUPPORTING
                                                        DEPOSITION

            -against-

    Hillary Best                                        DKT #: 2006QN038220
                                                               2006QN038221

                    Defendant(s)
—————————————————————— X

I, SOLYMAR MEDINA, DEPOSE AND SAY THAT I HAVE READ THE
ACCUSATORY INSTRUMENT FILED IN THE ABOVE-ENTITLED ACTION AND
THAT THE FACTS THEREIN STATED TO BE ON INFORMATION FURNISHED BY
ME ARE TRUE UPON MY PERSONAL KNOWLEDGE.

FALSE STATEMENTS MADE HEREIN ARE
PUNISHABLE AS A CLASS "A" MISDEMEANOR
PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

Dated:                              SOLYMAR MEDINA

DIRECTIONS:
        Read the accusatory instrument carefully and then sign and date the
supporting deposition and return them as quickly as possible to the District
Attorney's Office of Queens County, 125-01 Queens Boulevard, Kew
Gardens, NY 11415, personally or by mail. It is not necessary that you sign
before a Judge, Police Officer, Notary Public or any witness. The form notice
and signature there-under constitute a valid verification of this instrument.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART AP-2

-------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

HILARY BEST,

                                 Defendant.

-------------------------------------------------------------

DOCKET NUMBER 2006QN038220

=============================================================
**MOTION TO VACATE JUDGMENT PURSUANT TO CPL §440.10**
=============================================================

                                    (Mr.) Hilary Best, Pro Se
                                    Post Office Box 751072
                                    Forest Hills, NY 11375
                                    (718) 807-4205

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART AP-2
-------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

      -against-

HILARY BEST,
               Defendant.
-------------------------------------------------------------X

SIRS:

**NOTICE OF MOTION
TO VACATE JUDGEMENT**

DOCKET NUMBER
2006QN038221

      PLEASE TAKE NOTICE, that upon the annexed affidavit of HILARY BEST, verified the 22nd day of December 2015, and upon all papers, pleadings and proceedings heretofore had herein, the undersigned will move a motion part of this Court, to be held before the Criminal Court of the City of New York, County of Queens, located at 125-01 Queens Boulevard, Kew Gardens, New York, on the 30th day of December, 2015, at 9:30 o'clock the forenoon of that day, or as soon thereafter as counsel may be heard, for an order vacating the judgment herein, and declaring the same null and void, pursuant to CPL 440.10 (1)(a), upon the grounds that the Court lacked jurisdiction pursuant to CPL §§100.15(1), 100.20 and 100.40(1), due to an undated and unverified supporting deposition.

Dated:  December 22, 2015

                    Yours, etc.,

                    HILARY BEST,  Defendant
                    Post Office Box 751072
                    Forest Hills, NY 11375
                    Phone: (718) 807-4205

TO:
      District Attorney
      County of Queens
      125-01 Queens Boulevard
      Kew Gardens, NY 11415

CRIMINAL COURT, CITY OF NEW YORK
COUNTY OF BRONX: PART AP-2
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

       -against-

HILARY BEST,

                        Defendant.
-------------------------------------------------------------x
STATE OF NEW YORK)
             : SS.:
COUNTY OF QUEENS )

**AFFIDAVIT IN SUPPORT
OF MOTION TO VACATE
JUDGMENT**

DOCKET NUMBER
2006QN038221

     I, HILARY BEST, am the defendant named in the above-captioned action and hereby affirm under penalty of perjury that the following is true and correct to the best of my personal knowledge.

     1. This affidavit is submitted in support of my motion for an order vacating the judgment herein, and declaring the same null and void, pursuant to CPL 440.10 (1)(a), upon the grounds that the Court lacked jurisdiction pursuant to CPL §§100.15(1), 100.20 and 100.40(1), due to an undated and unverified supporting deposition.

     2. By criminal complaint dated July 19, 2006, Defendant was arraigned in this Court upon the offenses of Forcible Touching in violation of Penal Law §130.52, and Sexual Abuse in the Third Degree, in violation of Penal Law §130.55.

     3. The criminal complaint was signed by Detective James Monaco, who provided second hand information in the complaint as allegedly related to him by the complainant, Christina Valenzuela, and was not verified in accordance with CPLR §§3020 and 3021, or the Court of

Appeals ruling in <u>People ex rel. Livingston v. Wyatt</u>, 186 N.Y. 383 (1906), which requires that criminal complaints be verified by jurat, i.e., under oath (See Penal Law §210.00[7]).

4. Defendant did not waive the right to prosecution by information and the matter was adjourned for the people to provide a supporting deposition.

5. Annexed hereto as Exhibit A is a copy of the criminal complaint and supporting deposition upon which the judgment was entered in the instant case at bar.

6. Pressured by concern for an elderly relative from whom the Defendant did not want to be separated, defendant reluctantly entered into a no jail time plea deal in satisfaction of the criminal complaint.

## LEGAL ARGUMENT

7. A plea of guilty waives all objections to a criminal proceeding except objections affecting the jurisdiction of the Court (See <u>Albrecht v. United States</u>, 273 U.S. 1 [1927]; <u>People v. Scott</u>, 3 N.Y.2d 148 [1957]).

8. The Criminal Procedure Law requires that all complaints be verified (See CPL §100.15[1]).

9. The traditional and accepted method for verifying legal documents is set forth in the Civil Practice Law and Rules under §§3020 and 3021 (See, also, Black's Law Dictionary under "Verification"). In every instance it requires a statement made under oath.

10. The complaint in the instant case was executed pursuant to CPL §100.30(1)(d), which permits verification by affirmation by a non-attorney in contravention of CPLR Rule 2106. In effect, CPL §100.30(1)(d) permits prosecution by false affirmation, for which the subscriber, if prosecuted for making a false affirmation, would be able evade conviction by disavowing

authorship, or face only misdemeanor conviction instead of felony charges for swearing falsely under oath (See Penal Law §§210.05 and 210.10).

11. As the Court of Appeals noted in <u>People ex rel. Livingston v. Wyatt</u>, <u>supra</u>, "(A)n affiant is one who has made an affidavit, and an affidavit is a written statement sworn to before some officer authorized by law to administer oaths" (citing Black Law Dictionary). The court went on to hold that "(F)rom all the analogies of the law, both civil and criminal, the information is intended to be made upon oath. While the statute does not expressly require it, we think it is necessarily implied, for otherwise an unfounded accusation could be set on foot and an investigation instituted upon unsupported assertion without any proof whatever." The concern then, as it is today, is that a criminal complaint could be filed and prosecuted without any actual verification of the subscriber, and without substantial penalty of punishment for making a false allegation.

12. Accordingly, in absence of a jurat pursuant to Penal Law §210.00[7], there is no prima facie evidence of the identity of the subscriber to a complaint, or of the date on which it was signed, nor even that the subscriber was of lawful age to execute an affidavit (See CPL §60.20). Thus, CPL §100.30(1)(d) is unconstitutional, for it arbitrarily and capriciously permits a perverted deviation of traditionally established and fundamental legal practice by permitting affirmation by a non-attorney, and providing no official verification of the identity of a subscriber to a complaint, nor any verification of the date on which it is purported to have been signed, nor verification even that the subscriber was of lawful age to execute an affidavit; and in practice allows unscrupulous police or others to lie in a complaint and avoid prosecution for doing so. Indeed, under CPL §100.30(1)(d) a defendant could end up held in pretrial detention

upon a complaint or supporting deposition not signed by the complainant in contravention of CPL 100.15][1], because CPL §100.30(1)(d) does not require verification in accordance with Penal Law §210.00[7] and CPLR §3020.

13. The objectionable statute also flies in the face of the very word "deposition." A deposition is a statement taken under oath. Likewise, the word "verification" means a declaration under oath. CPL §100.30(1)(d) satisfies none of these established legal definitions and, therefore, is unconstitutional on its face, as a violation of substantive due process of law, having been adopted and put into effect arbitrarily and capriciously, in violation of the New York Constitution under Article I, §6 and the 14th Amendment to the United States Constitution. Indeed, the instant "supporting deposition" is not even dated. And although the prosecution may claim that it was signed by the complainant, there is no prima facie evidence on the document itself that establishes that fact, and as such was not sufficient for the Court to establish subject matter jurisdiction over the criminal prosecution of the complaint. If the Court were Berger King, the prosecution might be able to have it their way, but the Court is not a fast food restaurant. The law was relaxed enough to permit verification by a desk sergeant or police officer of higher rank in charge at a police station or police headquarters (See CPL §100.30[1][b]). No more is needed nor required to alleviate any burden the prosecution might have in getting a criminal complaint verified in accordance with established legal practice and procedural due process of law.

14. Having established hereby that the criminal complaint upon which the judgment of conviction herein was entered was not verified in accordance with established legal practice and procedural due process of law, and that the supporting deposition was also not so verified, said

judgment is null and void as matter of law, in that without a verified criminal complaint and verified supporting deposition, this Court lacked jurisdiction to enter judgment. And it matters not that this Court may harbor a personal dislike of the defendant. The law is the law and this Court is bond by the canons of judicial ethics to uphold and enforce the same, and to declare unconstitutional any legislation that runs afoul of the legal principles established by the Constitutions of this State and of the United States of American, with a penalty of removal from bench for failing or refusing to do so (See Rules of the Chief Administrator of the Court Governing Judicial Conduct, 22 NYCRR Part 100.3[B][1]).

15. Jurisdictional defects may be raised at anytime and can never be waived (People v. Nicometi, 12 N.Y.2d 428 [1963]).

Wherefore, the defense moves for an order vacating the judgment of conviction entered herein, as null and void due to lack of subject matter jurisdiction over the criminal complaint, and requests such other and further relief as the Court may deem just and proper.

Dated:  Queens, New York
       December 22, 2015

 

HILARY BEST, Defendant Pro Se

Verification:

Sworn to before me this 22

day of December, 2015

Notary Public

YASMIN L. TUCKER
Notary Public · State of New York
No. 01TU6104379
Qualified in Queens County
My Comm. Expires/Jan. 20, 20__

12/22/15

Page 6 of 7

CRIMINAL COURT, CITY OF NEW YORK
COUNTY OF BRONX: PART AP-2
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

       -against-

HILARY BEST,

                       Defendant.
-------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

DOCKET NUMBER
2006QN038221

STATE OF NEW YORK)
            : SS.:
COUNTY OF QUEENS )

       I, HILARY BEST, being first duly sworn, hereby deposes and says:

       1.    That I am over 18 years old and presently reside within the City of New York, County of Queens and State of New York.

       2.    That on December 22, 2015, I did serve upon the Queens County District Attorney a true and correct copy of my Notice of Motion and Affidavit in Support, Dated December 22, 2015, returnable December 30, 2015, by PERSONAL HAND DELIVERY to the following address:

           District Attorney
           County of Queens
           125-01 Queens Boulevard
           Kew Gardens, NY 11415

Dated: Queens, New York
       December 22, 2015

                                  Hilary Best, Defendant Pro Se
                                  Post Office Box 751072
                                  Forest Hills, NY 11375
                                  Phone (718) 807-4205

Sworn to before me this _____

day of _____, 2015

_____
Notary Public

YASMIN L. TUCKER
Notary Public - State of New York
No. 01TU6104379
Qualified in Queens County
My Comm. Expires Jan. 20, 20__

Page 7 of 7

**EXHIBIT A**

Q06639498

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

HILLERY BEST
                DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

2006QN038221

DETECTIVE JAMES MONACO OF DET BORO QUEENS SPEC VIC SQUAD, TAX REG#:
912013, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JULY 18
2006  BETWEEN 10:20AM AND 11:15AM, INSIDE OF 66-36 YELLOWSTONE
BOULEVARD, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 130.52 (11/1/03) FORCIBLE TOUCHING - DNA SAMPLE REQUIRED UPON
                    CONVICTION
PL 130.55 SEXUAL ABUSE IN THE THIRD DEGREE - DNA SAMPLE REQUIRED UPON
          CONVICTION

IN THAT THE DEFENDANT DID:  INTENTIONALLY, AND FOR NO LEGITIMATE
PURPOSE, FORCIBLY TOUCH THE SEXUAL OR OTHER INTIMATE PARTS OF ANOTHER
PERSON FOR THE PURPOSE OF DEGRADING OR ABUSING SUCH PERSON; OR FOR THE
PURPOSE OF GRATIFYING THE ACTOR'S SEXUAL DESIRE;SUBJECT ANOTHER PERSON
TO SEXUAL CONTACT WITHOUT THE LATTER'S CONSENT

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S
BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, CHRISTINA
VALENZUELA, THAT AT THE ABOVE DATE AND TIME, SHE RESPONDED TO THE
ABOVE-MENTIONED PLACE OF OCCURRENCE FOR A JOB INTERVIEW IN RESPONSE TO A
CLASSIFIED AD THAT SHE HAD SEEN IN THE NEWSPAPER FOR A HOME OFFICE
ASSISTANT.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT WHEN SHE ARRIVED,
SHE WAS GREETED BY THE DEFENDANT, HILLERY BEST, WHO IDENTIFIED HIMSELF
AS "ARY."

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT COPIED
HER IDENTIFICATION, AND ASKED HER TO TAKE A TYPING TEST IN ORDER TO
ASCERTAIN HOW MANY WORDS PER MINUTE SHE COULD TYPE.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT AS SHE WAS
SITTING AT THE COMPUTER, DEFENDANT PUT HIS HANDS DOWN THE BACK OF HER
PANTS AND TOUCHED THE TOP OF HER BUTTOCKS.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT RUBBED
HER THIGH AND TOUCHED HER VAGINA THROUGH HER PANTS.

BEST,HILLERY  Q05639498

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT SHE REPEATEDLY TOLD
THE DEFENDANT TO STOP AND REPEATEDLY TOLD HIM THAT SHE HAD A BOYFRIEND.
DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT LEANED
OVER AND WHISPERED TO HER, "YOUR BOYFRIEND CAN'T LOVE YOU LIKE I CAN
LOVE YOU."

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT DEFENDANT LEANED
OVER AND KISSED HER ON THE CHEEK AND THAT DEFENDANT TRIED TO RUB HIS
PENIS AGAINST HER.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE DEFENDANT HAD
NO PERMISSION OR AUTHORITY TO TOUCH HER IN SUCH A MANNER OR IN ANY WAY.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

7/19/06
DATE          SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE          SIGNATURE

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM PART ___ AP-2

THE PEOPLE OF THE STATE OF NEW YORK

- against -

**CORROBORATING AFFIDAVIT**

HILLERY BEST

Dkt: 2006QN038220/21

Defendant.

STATE OF NEW YORK )
) ss.:
COUNTY OF QUEENS )

I, CHRISTINA VALENZUELA, being duly sworn do depose and say that I have read the accusatory instrument filed in the above-captioned action and that the facts stated therein are true based on my personal knowledge.

FALSE STATEMENTS MADE HEREIN ARE
PUNISHABLE AS A CLASS "A" MISDEMEANOR
PURSUANT TO PENAL LAW § 210.45.

_____     _____
Signature                   Date

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART AP-2

-------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

HILARY BEST,

Defendant.

-------------------------------------------------------------------

DOCKET NUMBER 2006QN038221

====================================================================

## MOTION TO VACATE JUDGMENT PURSUANT TO CPL §440.10

====================================================================

(Mr.) Hilary Best, Pro Se
Post Office Box 751072
Forest Hills, NY 11375
(718) 807-4205

APPELLATE TERM OF THE SUPREME COURT
OF THE STATE OF NEW YORK FOR THE 2ND, 11TH & 13TH JUDICIAL DISTRICTS

MICHAEL L. PESCE, P.J.

------------------------------------------------------------------x

The People of the State of New York, Plaintiff, v
Hilary Best, Defendant.

DECISION & ORDER ON
APPLICATION

Appellate Term Docket No.
2016-1971 Q CR

Lower Court # 2006QN038220

------------------------------------------------------------------x

Application by defendant pursuant to CPL 450.10 and 460.15 for a certificate granting leave to appeal to this court from orders of the Criminal Court of the City of New York, Queens County, entered May 2, 2016 and July 15, 2016, respectively, which has been referred to me for determination.

Upon the papers filed in support of the application and no papers having been filed in opposition thereto, it is

ORDERED that the application is denied.

ENTER:

Michael L. Pesce
Presiding Justice

DEC 0 5 2016

PEOPLE v BEST, HILARY

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: JP-1
-------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

<u>DECISION AND ORDER</u>

-against-

Docket 2006QN038220
2006QN038221

HILLERY BEST,

Defendant.
-------------------------------------------------------------X

MORRIS, G., J.

Defendant Hillery Best[1] moves, *pro se,* in papers dated December 22, 2015, for

an order pursuant to CPL §440.10, vacating the sentence imposed in these cases.

Defendant argues that the Court lacked jurisdiction to accept his plea to Sex Abuse in the

Third Degree (PL §130.55) on each docket (*see* Defendant's motion at 2; *see also* Plea

and Sentencing Tr.at 10).

I.  **Procedural History**

On July 20, 2006, the defendant was arrested and charged in two separate

misdemeanor dockets with Forcible Touching (PL §130.52), and Sex Abuse in the Third

Degree (PL §130.55). On September 21, 2007, the defendant appeared before Judge

Joseph Zayas in Queens County Criminal Court.  On that date, the defendant pled guilty

to two counts of Sexual Abuse in the Third Degree (PL §130.55), a class B misdemeanor,

in full satisfaction of the charges filed against him on both dockets, and received a

sentence of a conditional discharge as to Docket #2006QN038220 and time served on

---

[1] The defendant's name on his most recent moving papers, dated December 22, 2015, is spelled Hilary.
However, on dockets 2006QN038220 and 2006QN038221, the defendant's name is spelled Hillery.

Docket # 2006QN038221 (*see* Minutes of the September 21, 2007 court appearance at 9-19). According to the People's response to the instant motion, while the defendant filed a notice of appeal, the defendant never actually filed an appeal pertaining to either of these convictions.

The defendant now moves, pursuant to CPL §440, for vacatur of both convictions on the grounds that the court lacked jurisdiction because he believes the two dockets filed against him were never properly converted because the supporting deposition was not signed before a notary, and also alleges that CPL §100.30(1)(d), which allows a supporting deposition to be signed under the penalties of perjury, unconstitutional.

## II.   Discussion

CPL §440.10 provides, in relevant part, that:

> At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment on the ground that: (f) improper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom; or alleged new evidence; or (h) the judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

(CPL §440.10).

It is well settled law that a judgment of conviction is presumed valid, and a defendant moving to vacate his conviction bears the "burden of coming forward with allegations sufficient to create an issue of fact" (*People v Session*, 34 N.Y.2d 254, 255-56, (1974)).  Further, a court must deny a motion to vacate judgement when "sufficient facts appear on the record of the proceeding underlying the judgment to have permitted upon appeal from such judgment, adequate review of the issue raised upon the motion,

2

no such appellate review or determination occurred owing to defendant's unjustifiable failure to take or perfect an appeal during the proscribed period" (*see* CPL §440.10[2][c]).

Because each of the defendant's claims are without merit, the defendant's motion is denied in all respects. To begin, the defendant is procedurally barred from filing a motion pursuant to CPL §440 because sufficient facts appeared on the record at the time of his plea that would have permitted appellate review, and therefore the appropriate remedy for the defendant to challenge his conviction is for the defendant to file an appeal in this matter, not move under CPL §440 (*see* CPL §440.10(2)(c); *see also, People v Cuadrado*, 9 N.Y.3d 362, 364-65 (2007)).

Further, as properly noted by the People, the defendant's claim of a jurisdictional defect is unavailing since the alleged defect for which the defendant complains is a hearsay defect which was waived by the defendant's plea of guilty (*see People v Konieczny*, 2 N.Y.3d 569, 575 (2004)). In any event, even assuming the defendant's jurisdictional argument was valid, a review of the accusatory instruments filed against the defendant reveal that both dockets were facially sufficient even applying the standard of a Criminal Court complaint, and not a misdemeanor information (*see People v Dumay*, 23 N.Y.3d 518, 522-25 (2014); *People v Kalin*, 12 N.Y.3d 225, 228 (2009)). Specifically, both complaints are sufficiently detailed to provide the defendant with adequate notice of the charges against him, and thus the opportunity to adequately prepare a defense (*see People v Casey*, 95 N.Y.2d 354, 360 (2000); *People v Beauchamp*, 74 NY2d 639, 641 (1989)).

With respect to the defendant's argument that CPL §100.30(1)(d) is unconstitutional, the law dictates that Legislative enactments are to be presumed constitutional and rests the burden on the party seeking to invalidate the statute to

3

demonstrate, beyond a reasonable doubt, it's unconstitutionality (*People v Morbelli*, 144 Misc. 2d 482 (Crim Ct, New York Co 1989)).  Here, the defendant has failed to articulate any basis to deem the statute unconstitutional.  Instead, the defendant simply relies upon the fact that because CPL §100.30(1)(d) has different requirements than provisions in the CPLR, it must be unconstitutional.  However, the CPLR, absent any express reference in the CPL, is not applicable to criminal cases (*People v Crisp*, 268 A.D.2d 247, 700 N.Y.S.2d 693 (1st Dept 2000)).  As such, the defendant has failed to meet his burden in proving that CPL §100.30(1)(d) is unconstitutional. Thus, in the instant case, the People filed a copy of the complainants' supporting depositions, which were signed under perjury of law.  Thus, because the signature, the intent of the maker, and verification have been established, the supporting depositions are valid and therefore the complaint was properly converted to a misdemeanor information (*see People v Gustalvo Perez Sanchez*, 47 Misc 3d 612, 616 (Crim Ct, Queens County)(finding as long as the signature, the intent of the maker, and the verification are established, then the supporting deposition is valid)).

**IV.   Conclusion**

For the foregoing reasons, defendant's motion to vacate his misdemeanor convictions is denied in all respects.

This constitutes the decision and order of this Court.


Dated:      May 2, 2016
            Queens County, New York


                                        _____
                                        GIA MORRIS
                                        J.C.C.

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HILARY BEST,

                              Plaintiff,

              -against-

JOSEPH A. ZAYAS, Queens County
Court Judge,

                              Defendant.
-------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
07-CV-3841 (ERK)

KORMAN, D.J.

     Plaintiff Hilary Best brings this *pro se* action alleging violations of federal constitutional law. The complaint is liberally construed as brought pursuant to 42 U.S.C. § 1983.  Plaintiff "seeks a preliminary and permenate [sic] injunction enjoining the defendant, his agents and successors in office from prosecuting me upon the defective informations."  Complaint at ¶ IV.  Plaintiff seeks immediate injunctive relief by order to show cause.  I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order.  For the reasons set forth below, the order to show cause is denied and the complaint is dismissed.

### Background

     Plaintiff has a history of litigation in this Court.[1]  In the instant action, plaintiff alleges that on "July 20, 2006, [he] was arraigned on two Misdemeanor complaints (Nos. 2006QN038220 and 2006QN038221) charging identical counts (one each) of Sexual Abuse in the Third Degree (P.L.

---

[1] See Best v. Paynter, No. 06 CV 6774 (ERK) (civil rights complaint dismissed); Best v. Queens Co. Criminal Court, No. 05 CV 147 (ERK) (habeas corpus petition dismissed); Best v. NYS Division of Parole, No. 00 CV 1369 (ERK) (motion to dismiss complaint granted); Best v. Phoenix, No. 95 CV 3668 (ERK) (closed); Best v. Kane, No. 95 CV 3585 (ERK) (habeas corpus petition denied); Best v. Nurse, No. 99 CV 3727 (JBW) (settlement); Best v. Kelly, No. 91 CV 2638 (CPS) (habeas petition denied); Best v. Clinton Correctional, No. 89 CV 3407 (CPS) (closed); Best v. Mullett, No. 89 CV 3036 (CPS) (closed).

§130.55) and Forcible Touching (P.L. § 30.52)." Compl. at ¶ III.  Plaintiff moved to dismiss the charges or "informations" arguing that they did not contain all the elements to support the crimes alleged.  Id.  Judge Zayas, the judge presiding over the criminal proceedings in state court, denied plaintiff's motions.  Id.

### Standard of Review

In reviewing the complaint, I am mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'"  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  As set forth below, the complaint is dismissed as frivolous as Judge Zayas is immune from suit.

### Discussion

A.    Judicial Immunity

It is well settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). See also Stump v. Sparkman, 435 U.S. 349, 356 (1978); Huminski v. Corsones, 396 F.3d 53, 74-75 (2d Cir. 2005).

2

This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). Furthermore, pursuant to the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). See Huminski, 396 F.3d at 74; Bliven v. Hunt, 418 F.Supp.2d 135, 139 (E.D.N.Y. 2005); Wu v. Levine, No. 05 CV 1234 (NG), 2005 WL 2340722, at *1 (E.D.N.Y. June 7, 2005) (citing Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999)); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

Here, plaintiff's claims against Judge Zayas arise solely from the performance of his judicial duties in presiding over criminal proceedings against plaintiff. Redress of plaintiff's claims lies within the appellate process of the New York State court system. Moreover, plaintiff does not claim that Judge Zayas violated a declaratory decree or that declaratory relief is unavailable. Therefore, the doctrine of judicial immunity bars plaintiff's claims against Judge Zayas and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

## Conclusion

Accordingly, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request for an order to show cause is denied.  I certify pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to close this case.

SO ORDERED.

*Edward R. Korman*

Edward R. Korman
United States District Judge

Dated: Brooklyn, New York
        September 14, 2007

4

H. BEST
P.O. Box 751072
Qns, NY 11375

**PRO SE CLERK
SDNY - PETITION**

Pro Se
Intake