```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HILLARY BEST,¹                                        :
                                                      :
                        Petitioner,                   :
                                                      :          MEMORANDUM
        v.                                            :          AND ORDER
                                                      :          20-CV-2382 (WFK)(LB)
NEW YORK CITY POLICE DEPARTMENT                       :
SEX OFFENDER UNIT,                                    :
                                                      :
                        Respondent.                   :
----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Petitioner Hillary Best ("Petitioner"), presently residing at liberty in Queens County, brings this *pro se* petition (the "Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his 2007 conviction in the New York Supreme Court, Queens County. Pet. at 1, ECF No. 1. By Order dated May 21, 2020, the action was transferred from the United States District Court for the Southern District of New York. Petitioner paid the filing fee to commence this action. ECF No. 3. He argues the criminal proceedings leading to his conviction were "jurisdictionally defective." Pet. at 4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of the Petition and, for the reasons set forth below, finds it deficient in two regards: (1) Petitioner does not satisfy the "in custody pursuant to the judgment of a State court" standing requirement of 28 U.S.C. § 2254(a); and (2) if in custody, the Petition appears to be time-barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996

---

1 Petitioner is also known as Hillery Best, *see* ECF No. 1 at 25, 37, 39, 42, and Hilary Best, *id. at* 17–18, 23, 40–41, 46.

1

("AEDPA"). Therefore, the Court orders Petitioner to show cause in writing within 30 days of the entry of this Order why the Court should not dismiss the Petition.

## BACKGROUND

Petitioner seeks to challenge two state court misdemeanor convictions entered on September 21, 2007. Pet. at 1. Petitioner was "arrested and charged in two separate misdemeanor dockets with Forcible Touching (PL § 130.52), and Sex Abuse in the Third Degree (PL § 130.55)." Pet. at 42. On September 21, 2007, he pleaded guilty to two counts of sexual abuse in the third degree, and on January 8, 2008, "received a sentence of a conditional discharge as to Docket #2003QN038220 and time served on Docket #2003QN038221." *Id.* at 42–43. Petitioner filed a notice of appeal but "never actually filed an appeal pertaining to either of these convictions." *Id.* Petitioner filed a post-conviction motion to vacate his sentence on December 22, 2015, which was denied on May 2, 2016. *Id.* at 3, 6, 41–45. The Court of Appeals denied leave to appeal on December 5, 2016. *Id.* at 6, 41. Petitioner challenged his sexual offender designation and duties in an Article 78 proceeding filed on February 2, 2016, which was denied on July 25, 2016. *Id.* at 4. In the same December 5, 2016 Order denying leave to appeal Petitioner's post-conviction motion, the Court of Appeals denied leave to appeal the denial of the Article 78 petition. *Id.* at 41.

On April 23, 2020, Petitioner filed the instant petition, naming the New York City Police Department's Sex Offender Unit as the Respondent. Pet. at 1. Petitioner objects to the "jurisdictionally defective" misdemeanor convictions and his designation as a level-three sex offender and the Respondent's "local community reporting supervision." *Id.* at 1, 3–4.

**DISCUSSION**

**I.      Custody Requirement**

A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must first show they are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Here, Petitioner's return mailing address is a post office box in Queens. Further, the Post-conviction Decision provides that the sentence for the misdemeanor convictions he challenges herein was conditional discharge for the first charge and time-served for the second. Pet. at 42–43.

Petitioner's designation as a registered sex offender and related reporting responsibilities do not qualify as "in custody" for federal habeas purposes. As to reporting requirements and other consequences resulting from conviction of a sex crime, courts have typically found they do not amount to custodial aspects of a sentence. *See Fowler v. Fischer*, 18-CV-2769, 2019 WL 2551766, at *3 (S.D.N.Y. May 30, 2019) (Pitman, M.J.) ("Six Circuit Courts of Appeal have considered the specific issue of whether the registration and related requirements imposed pursuant to sex offender registration statutes satisfy the 'in custody' requirement. The Court of Appeals for the Second Circuit has yet to reach the issue. With the exception of a single decision recently issued by the Court of Appeals for the Third Circuit, these cases have uniformly held that the registration and related requirements of these statutes do not satisfy the 'in custody' requirement."), *report & recommendation adopted by*, 2019 WL 2544472 (S.D.N.Y. June 20,

3

2019) (Ramos, J.); *Rodriguez v. Attorney General*, 10-CV-3868, 2011 WL 519591 (S.D.N.Y. Feb. 15, 2011) (Cott, M.J.) (requirements of the New York State Sex Offender Registration Act "are insufficient to render [petitioner] 'in custody' for federal habeas corpus purposes"), *report & recommendation adopted by*, 2011 WL 3875328 (S.D.N.Y. Sept. 2, 2011) (Gardephe, J.).

However, conditional release programs which "significantly confine and restrain [an individual's] freedom" satisfy the "in custody" requirement. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time is considered to be 'custody.'"); *Eisemann v. Herbert*, 401 F.3d 102, 105 n.1 (2d Cir. 2005) (release on parole satisfies "in custody" requirement). Here, the Petition does not suggest Petitioner was subject to restrictive conditions imposed by his 2008 conditional discharge sentence at the time he filed the Petition.

Thus, it appears Petitioner was no longer "in custody" pursuant to the 2007 conviction or sentence at the time the Petition was filed on April 23, 2020. When a petitioner is no longer "in custody" pursuant to the conviction he seeks to challenge, this Court is without jurisdiction to consider the petition. *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) ("We have characterized this statutory 'custody' requirement as 'jurisdictional,' and therefore mandatory and non-waivable.") (citing *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018)). However, since he is proceeding *pro se* and entitled to a liberal pleading standard,[2] Petitioner is afforded thirty days to show cause why the Petition should not be dismissed for lack of

---

[2] Although proceeding *pro se,* the Court notes Petitioner has a history of litigation in this Court. *See Best v. Friedman,* 17-CV-1211 (E.D.N.Y) (ECF No. 4 at 4–5) (listing Petitioner's twenty cases and their dispositions and warning Petitioner against the future filing of frivolous *in forma pauperis* complaints).

jurisdiction because he is no longer in custody pursuant to the 2007 Queens County conviction he seeks to challenge in this petition.

## II. Statute of Limitations

If Petitioner can demonstrate he is in custody pursuant to the conviction he seeks to challenge, he must then demonstrate the timeliness of the Petition. With the passage of AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).[3]

---

[3] To the extent Petitioner seeks to challenge the constitutionality of the AEDPA statute of limitations as violative of the Suspension Clause, Pet. at 13–14, the argument is unavailing. The Second Circuit settled this question in *Rodriguez v. Artuz,* 161 F.3d 763, 764 (2d Cir.1998). Because AEDPA's one-year statute of limitations leaves *habeas* petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention," and therefore does not *per se* constitute an unconstitutional suspension of the writ of *habeas corpus. Rodriguez v. Artuz,* 990 F. Supp. 275, 283 (S.D.N.Y.1998) (Sotomayor, J.), *aff'd* 161 F.3d 763 (2d. Cir.1998) (citing *Swain v. Pressley,* 430 U.S. 372 (1977)).

Here, the Petition may be time-barred. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final. *See* 28 U.S.C. § 2244 (a)(1). Determining the finality of Petitioner's conviction is complicated here because Petitioner filed a notice of appeal but never perfected the appeal. Under New York law, Petitioner had 150 days from the date he filed the notice of appeal of his conviction, to perfect the appeal. N.Y. Crim. Proc. Law § 460.10(a); N.Y. App. Div. Rule § 600.8(b). The Petition is silent as to the date Petitioner filed his notice of appeal and whether there was a dismissal of the appeal by the state court.

"[N]o court in this Circuit has ever held that an unperfected direct appeal, which has not been formally dismissed by the state court, can be deemed a 'final judgment' for habeas corpus purposes." *Jones v. Barkley*, 09-CV-1961, 2010 WL 2891188, at *4 (S.D.N.Y. July 8, 2010) (Buchwald, J.). As referenced in *Jones, id.* at 5, two other district court cases in this Circuit suggest, but do not hold, unperfected appeals become final when the time to perfect expires, whether or not the appellate court dismisses the appeal. *Madrano Lara v. New York,* 04-CV-8020, 2008 WL 2271215, at *2 n.2 (S.D.N.Y June 2, 2008) (Preska, J.) (noting a petitioner's *habeas* application was untimely because "an appeal that is filed, but not perfected within the time prescribed, is subject to dismissal."); *Luna v. Berbary*, 99-CV-12023, 2000 WL 1024654, at *1 (S.D.N.Y. July 25, 2000) (Martin, J.) (noting the petition "may" have been time-barred because, as argued by the government, "the failure to perfect [an] appeal after a notice of appeal was filed caused the state conviction to become final prior to the time that the appeal was dismissed"). Although Petitioner's notice of appeal was certainly filed over a decade ago and these cases suggest the Petition is time-barred, since the law on this issue is unsettled, Petitioner

6

is granted an opportunity to provide information about his direct appeal(s).

Further, Petitioner is informed the applicable one-year period of limitation is tolled for periods of time during which a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz*, 199 F.3d 116, 118–19 (2d Cir. 1999). However, the tolling provision under § 2244(d)(2) applies only if a post-conviction motion was pending within the one-year limitations period and excludes from the limitations period only the time the motion remained undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Therefore, if Petitioner has filed any applications for state post-conviction relief other than the one he attached to the Petition and intends to benefit from statutory tolling, he must inform the Court.

Moreover, even if statutory tolling does not render this Petition timely-filed, the limitations period may also be equitably tolled, but only if Petitioner (1) "has been pursuing his rights diligently, and (2) [he shows] that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Smith*, 208 F.3d at 17. In light of his *pro se* status, the Court provides Petitioner an opportunity to demonstrate whether statutory or equitable tolling should apply to the Petition. Should Petitioner have information in support of this argument for equitable tolling, or any other basis for equitable tolling, he shall present the facts to the Court in his affirmation.

**CONCLUSION**

Petitioner is hereby directed to show cause by written affirmation, within thirty days of entry of this Order, why the Petition should not be dismissed because he is no longer in custody pursuant to the conviction he seeks to challenge and/or because the Petition is time-barred. In the affirmation, Petitioner must inform the Court of the term of his imprisonment for the conviction he challenges. If the term of imprisonment has been completed, then he is no longer in custody and he cannot challenge the conviction.

If Petitioner can show he is still "in custody" for this conviction, then he must set forth whether and when he appealed the 2007 conviction(s) and the dates of any decisions. He must present any facts which would support either statutory tolling or equitable tolling of the period of limitations (for example, facts to support that extraordinary circumstances prevented him from timely filing the petition and facts to show that he acted with reasonable diligence), if applicable. As set forth above, the sex offender registration requirement does not render him "in custody" for purposes of this *habeas corpus* petition.

No response or answer shall be required at this time from Respondent and all further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the Petition shall be dismissed. If filed within thirty (30) days, Petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

The Clerk of Court is directed to mail a copy of this Order to Petitioner, *pro se*, at the address provided by Petitioner and listed on the docket and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would

not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2020
Brooklyn, New York